UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL EUGENE McINTEE,

        Petitioner,         Case No. 1:09-cv-873

v.        Honorable Paul L. Maloney

BLAINE C. LAFLER,

        Respondent.
_____/

## **OPINION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because the statute of limitations has expired, the Court will grant Petitioner's motion for a stay of the proceedings pending a decision by the Michigan Supreme Court on his motion for relief from judgment.

**Discussion**

I. Factual allegations

Petitioner Daniel Eugene McIntee is incarcerated in the Carson City Correctional Facility. Petitioner and David Wayne McIntee were convicted in the Monroe County Circuit Court (Case No. 03-032912-FH) of first-degree home invasion, being a felon in possession of a firearm and possession of a firearm during the commission of a felony. On April 1, 2004, the trial court sentenced Petitioner as a third habitual offender to imprisonment of twenty-one to forty years for the home-invasion conviction, two to ten years for the felon-in-possession conviction and two years for the felony-firearm conviction. On direct appeal, Petitioner claimed that the trial court erred when it failed to instruct the jury on a lesser included offense and that his sentence was disproportionate. The Michigan Court of Appeals (Case No. 255240) affirmed his conviction on October 11, 2005 and the Michigan Supreme Court (Case No. 129808) denied his application for leave to appeal on February 27, 2006.[1]

On April 26, 2007, Petitioner filed a "notice of intent" to file a motion for relief from judgment and motion to disqualify the trial judge in the Monroe County Circuit Court. The trial court rejected Petitioner's pleadings and advised him to file his completed motions. Petitioner claims that he mailed his motion for relief from judgment and motion to disqualify on Wednesday, May 23, 2007. The circuit court was closed on Monday, May 28, 2007, in observance of Memorial Day. Petitioner's motions were recorded as filed on Tuesday, May 29, 2007. The court denied

---

[1]Petitioner and David Wayne McIntee's cases were consolidated for purposes of trial and appeal, although they had separate case numbers in both courts. Their cases were not consolidated in the Michigan Supreme Court. Throughout the petition, Petitioner makes inconsistent references to his state-court case numbers and the case numbers for David Wayne McIntee. The Court assumes that Petitioner's references to David McIntee's case numbers were made in error and are not an attempt to seek habeas corpus relief on behalf of David McIntee.

Petitioner's motion to disqualify on August 22, 2007 and his motion for relief from judgment on April 1, 2008. Petitioner appealed the denial of his motion for relief from judgment to the Michigan Court of Appeals. The court of appeals denied his delayed application for leave to appeal on June 9, 2009. Petitioner subsequently sought leave to appeal in the Michigan Supreme Court. His application remains pending in the supreme court. Petitioner has filed a motion and supporting memorandum for a stay of these habeas proceedings pending exhaustion of his claims in the Michigan Supreme Court (docket ##3, 4).[2]

Petitioner raises the following grounds for habeas corpus relief in his amended petition (docket #9):

I. THE STATE COURT ERRED BY REFUSING TO INSTRUCT ON LESSER INCLUDED OFFENSE[S] OF ENTER[ING] WITHOUT PERMISSION AND ATTEMPTS.

II. DEFENDANT WAS DENIED A FAIR TRIAL WHERE THE JUDGE WAS BIASED AND IMPARTIAL, EXTENDING INTO POST-APPEAL REVIEW.

III. DEFENDANT WAS DENIED HIS FOURTEENTH AM[ENDMENT] RIGHT TO DUE PROCESS AND [A] FUNDAMENTALLY FAIR TRIAL WHEN MATERIAL EVIDENCE WAS SUPPRESSED BY THE PROSECUTION.

IV. DEFENDANT IS ENTITLED TO RESENTENCING WHERE THE COURT'S APRIL 24, 20[0]4 AMENDED JUDGMENT OF SENTENCE WAS ENTERED WITHOUT JURISDICTION WAS IS [SIC] NULL AND VOID.

V. DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

VI. REVERSAL OF MR. McINTEE'S CONVICTION IS REQUIRED WHERE THERE IS GOOD CAUSE FOR NOT RAISING THE ISSUE

---

[2]Petitioner's memorandum in support of his motion for stay (docket #4) includes some arguments regarding the statute of limitations, which are addressed in this report and recommendation.

PREVIOUSLY, AND ACTUAL PREJUDICE. ALTERNATIVELY, MR. McINTEE IS ENTITLED TO REMAND FOR CONSIDERATION OF HIS MOTION FOR RELIEF FROM JUDGMENT BEFORE A DIFFERENT JUDGE WHERE JUDGE COSTELLO ERRED IN REFUSING TO DISQUALIFY HIMSELF.

> II. <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner properly exhausted his first ground for habeas corpus relief on direct appeal. His remaining grounds for habeas relief were raised for the first time in his motion for relief from judgment, which remains pending in the Michigan Supreme Court. Because Petitioner has not

completed one full round of the State's established appellate review process, his remaining claims are unexhausted. *See O'Sullivan*, 526 U.S. at 845.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on February 27, 2006. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year

limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Sunday, May 28, 2006. One year from that date was Monday, May 28, 2007. Because May 28, 2007 fell on Memorial Day, Petitioner had until the following day, May 29, 2007, to file his habeas corpus petition. *See* FED. R. CIV. P. 6(a)(4)(A).

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). On April 26, 2007, Petitioner filed a "notice of intent" to file a motion for relief from judgment and motion to disqualify the trial judge in the Monroe County Circuit Court. The trial court rejected Petitioner's pleadings and advised him to file his completed motions. Petitioner claims that he mailed his motions for relief from judgment and for disqualification on Wednesday, May 23, 2007. The circuit court was closed on Monday, May 28, 2007, in observance of Memorial Day. Petitioner's motions were recorded as filed in the circuit court on Tuesday, May 29, 2007.

In his supporting memorandum, Petitioner argues that for purposes of the statute of limitations, his motion for relief from judgment should be deemed filed when he filed the "notice of intent" on April 26, 2007. An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). The trial court rejected Petitioner's pleadings and instructed him

to file his completed motions. Petitioner fails to identify any Michigan court rule or other legal authority permitting a party to file a "notice of intent" to file a future pleading. When a pleading is rejected by the state court because it does not conform with established rules and procedure, it cannot be considered "properly filed" for tolling purposes. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (A motion is not "properly filed" when the state court dismisses it as untimely); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (same). Because Petitioner's April 26, 2007 notice of intent was rejected by the trial court, it was not a "properly filed" application for State post-conviction or other collateral review for purposes of the tolling provision.

Petitioner also suggests in his supporting memorandum that his pleadings were filed on May 23, 2007, when he mailed them to the Circuit Court. Under the federal "prisoner mailbox rule," a pleading is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The mailbox rule has its origins in interpretation of federal law. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)). The Michigan Supreme Court, interpreting Michigan law, has expressly rejected the federal prisoner mailbox rule and instead has found that delivery of the document to the court clerk is a necessary component of filing. *See Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171, 173 (Mich. 1997). The Eastern District of Michigan, applying the one-year period of limitation in § 2244(d), rejected application of the federal prisoner mailbox rule to the filing of a motion for relief from judgment in the Michigan state court and instead found that the filing occurred when the document was delivered to the court under Michigan law. *Herron v. Smith*, No. Civ. 01-CV-71867-DT, 2001 WL 902621, at *2 (E.D. Mich. June 29, 2001). Consequently, the federal prisoner mailbox rule does not apply to the filing of Petitioner's motions in state court.

Petitioner further contends that under MICH. CT. R. 1.108, his motions should be deemed filed on Monday, May 28, 2007, which was a federal holiday. However, Rule 1.108 concerns the computation of time when a period of time is prescribed by court rule, court order, or by statute. For example, if a court ordered deadline fell on Monday, May 28, 2007, a litigant would have until the following day to meet the deadline. Rule 1.108 does not apply in this case because Petitioner was not operating under any state-imposed deadline when he filed his motion for relief from judgment.

Thus, for purposes of the tolling provision, Petitioner's motion for relief from judgment was properly filed on May 29, 2007, the date that it was recorded as filed by the state circuit court. Consequently, the statute of limitations was tolled on the last day of the one-year statute of limitations. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[3] In the instant case, Petitioner has no time remaining in the limitations period. Were the Court to dismiss the petition without prejudice for lack of exhaustion, any subsequent petition filed by Petitioner would be time-barred. Thus, a stay of the proceedings is indicated under the Sixth Circuit's reasoning in *Palmer*.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners

---

[3] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

In his motion for a stay and supporting memorandum, Petitioner has made a sufficient showing with regard to the *Rhines* requirements. Accordingly, the Court will grant a stay of the proceedings pending a decision by the Michigan Supreme Court. Petitioner will be required to notify the Court within twenty-eight days after the Michigan Supreme Court issues a final decision on his motion for relief from judgement.

An Order consistent with this Opinion will be entered.


Dated:   December 15, 2009          /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge