UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DANIEL EUGENE McINTEE,

        Petitioner,               Case No. 1:09-cv-873

v.                                    Honorable Paul L. Maloney

BLAINE LAFLER ,

        Respondent.
_____/

## **ORDER**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On December 15, 2009, the Court issued an opinion and order granting Petitioner a stay of these proceedings pending exhaustion of his state court remedies. Under the Court's order, Petitioner's case is administratively closed until he files an amended petition setting forth his newly exhausted claims. On January 19, 2010, Petitioner sent a letter informing the Clerk of the Court of his new address at the Macomb Correctional Facility. In his letter, Petitioner also asked for his case to be transferred to the Eastern District because he now is incarcerated in that District.

An application for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ." 28 U.S.C. § 2241(d). Petitioner was convicted in the Monroe County Circuit Court. At the time he filed his petition, he was incarcerated in the Carson City Correctional Facility, which is located in Montcalm County. Monroe County is located in the Eastern District of Michigan, while Montcalm County is located in this District. *See* 28 U.S.C. § 102(a)-(b). Consequently, venue was proper in either district when Petitioner's case

was filed. Where an action could be properly filed in more than one district, a federal court may transfer the matter, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses to any other district where it might have been brought. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94 (1973). Under that section, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002).

This Court typically retains a habeas case filed by a prisoner who was lodged in this district when he initiated the action, even if he is subsequently transferred to the Eastern District. The Eastern District is not necessarily a more convenient venue because parties in habeas corpus actions rarely are required to appear in Court. Petitioner does not allege how a change of venue to the Eastern District would benefit the parties or serve the interest of justice. This Court already has reviewed the petition and issued an order staying the case. Accordingly, Petitioner's motion to transfer this action to the Eastern District (docket # 12) is DENIED.

IT IS SO ORDERED.


Dated: January 28, 2010 
/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge