UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL EUGENE MCINTEE, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:09-cv-873 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| HUGH WOLFENBARGER, | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR HABEAS RELIEF

Daniel McIntee was convicted in 2004 in the Circuit Court for Monroe County, Michigan. McIntee filed a civil habeas petition under 28 U.S.C. § 2254, asserting violations of his federal constitutional rights. The magistrate judge issued a report discussing each of the claims raised in the petition and recommending that the petition be denied. (ECF No. 65.) McIntee filed objections. (ECF No. 68.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

McIntee raised six issues in his petition. The magistrate judge addressed each. McIntee

objected to each recommendation.  The Court has conducted a de novo review of the issues.  The Court finds the report and recommendation to be persuasive and well written.  The magistrate judge has accurately summarized the facts and the relevant law.  Generally, McIntee's objections do not identify any factual deficiencies or errors in the legal standards.  Rather, McIntee disagrees with the application of the facts to the law.  In addressing each objection, this Court would simply reiterate what the magistrate judge has already stated.

Therefore, the Report and Recommendation (ECF No. 65) is **ADOPTED** as the opinion of this Court.  McIntee's petition for habeas relief under 28 U.S.C. § 2254 is **DENIED.**

<u>CERTIFICATE OF APPEALABILITY</u>

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam).  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2)*.  See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).  Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability.  *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

The Court has reviewed McIntee's petition for the purpose of deciding whether to issue a

2

certificate of appealability.  Reasonable jurists would not disagree with the manner in which his claims have been resolved.  McIntee is not entitled to habeas relief for the state court's decision not to instruct the jury on the lesser-included offense.  No clearly established Supreme Court authority requires lesser-included offenses in non-capital trials.  The decision not to give the instruction was not in clear defiance of state law such that the claim is cognizable as part of his federal habeas claim.  McIntee is not entitled to habeas relief on the issue of the bias by the state court judge.  The conduct of which McIntee complains does not rise to the level of a constitutional violation.  McIntee is not entitled to habeas relief for an alleged *Brady* violation.  McIntee has not established that the disputed evidence was exculpatory or that the delay was such that the Constitution was violated.  McIntee has not established that counsel was so ineffective that he was prejudiced by the failure to confront the witness with allegedly inconsistent statements.  The correction of McIntee's status as a habitual offender was an issue of state law not cognizable on federal habeas review and was a clerical error that could be corrected without concern for jurisdiction.  Because McIntee cannot establish the merits of any of his claims, appellate counsel cannot be deemed ineffective for failing to raise them.

Therefore, a certificate of appealability is **DENIED.**


**IT IS SO ORDERED.**

Date:   January 9, 2015                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge